UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEON L. TAYLOR,

    Plaintiff,

v.                                            Case No.  5:19-cv-62-MCR/MJF

T. GRAY, et al.,

    Defendants.
                                        /

## REPORT AND RECOMMENDATION

Plaintiff Leon Taylor, a prisoner proceeding *pro se*, filed a second amended complaint asserting violations of the Civil Rights Act, as amended, 42 U.S.C. § 1983. (Doc. 26). The undersigned recommends that this case be dismissed under 28 U.S.C. § 1915A(b)(1) because Taylor's second amended complaint fails to state a claim upon which relief can be granted.[1]

**I.     Procedural Background and Facts**

On March 7, 2019, Plaintiff, an inmate of the Florida Department of Corrections, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). This court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 8). On May

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

16, 2019, Plaintiff filed an amended complaint. (Doc. 10). The undersigned screened Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and found several deficiencies. (Doc. 17). Accordingly, the undersigned directed Plaintiff to amend his complaint. (*Id.*). Plaintiff complied and filed a second amended complaint. He names three Defendants: (1) Colonel T. Gray, (2) Warden Summers, and (3) Property Sergeant Raines. (Doc. 26 at 1-2).

In his second amended complaint, Plaintiff alleges that while housed at Holmes Correctional Institution, he was directed to (1) ensure that his legal paperwork fit into his property locker, (2) place the legal paperwork in "property," or (3) send legal documents to his home outside the institution. (*Id.* at 4). Plaintiff opted to put the legal papers in his "property." (*Id.* at 5). Plaintiff alleges that he had access to these legal papers until he was placed in confinement. (*Id.* at 5-6). Plaintiff alleges that these legal papers were relevant to a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 ("Rule 3.850 motion"), which he had filed in his underlying criminal case, Martin County Circuit Court Case No. 2013-CF-1234. (*Id.* at 6, 12).

Plaintiff states that he was placed in confinement in July and, while in confinement, received a court order from the state trial court directing him to file an amended Rule 3.850 motion within 60 days. (*Id.* at 6-7). Plaintiff has attached a copy of that order to his second amended complaint. (*Id.* at 12-13 (Exhibit A)). The order

—signed on August 22, 2018, and docketed on August 23, 2018—identifies Plaintiff's Rule 3.850 motion as having been filed on July 16, 2018, and directs Plaintiff to file an amended Rule 3.850 motion within sixty days of the court order. (*Id.*). Plaintiff alleges that he sent a request to "property" to have access to his legal papers in order to comply with the trial court's order. (*Id.* at 6). He alleges he received a response that he would be placed on "call-out" to access the necessary legal documents. (*Id.*). After thirty days passed, Plaintiff wrote another grievance regarding his legal documents. (*Id.*). A prison official responded that Plaintiff would be placed on "call-out" when they could recover his legal-documents. (*Id.*).

After he was not placed on "call-out" after his second request, Plaintiff wrote another grievance at the institutional level inquiring about his missing legal documents. (Doc. 26 at 6). This was returned with the response that Plaintiff would be placed on "call-out" when the prison staff found his legal documents. (*Id.* at 6-7). After this, Plaintiff continued to file grievances. He alleges that he filed an additional grievance to Sergeant Raines, and Sergeant Raines responded that Plaintiff did not possess any legal documents. (*Id.* at 8-9). Plaintiff filed a grievance with Colonel T. Gray, who denied Plaintiff's grievance on the ground that Plaintiff did not have legal paperwork at the correctional facility. (*Id.*).

Plaintiff asserts that the Defendants violated his constitutional rights to due process by denying him access to the courts. Plaintiff asserts that the Defendants

thwarted his ability to amend his Rule 3.850 motion because, once they knew that someone had misplaced his legal documents, they should have taken "steps to pay to have his legal-document restore." (*Id*. at 7). Plaintiff asserts that because he did not have his paperwork, he failed to meet the trial court's deadline, and his Rule 3.850 motion was "dismissed" on August 19, 2019, for his failure to timely amend the motion. (*Id.* at 7-8). Plaintiff has attached a copy of the August 19, 2019, order to his second amended complaint. (*Id*. at 16-19 (Exhibit B)).

The August 19, 2019, order is titled "Order Denying *Amended* Motion to Set Aside or Vacate Judgment and Sentence under Fla. R. Crim. P. 3.850 'Post-Conviction Relief'" (*Id*. at 16 (Exhibit B)) (emphasis added). The order states, in relevant part:

> THIS CASE came before the court in chambers on [Taylor's] pro se *amended motion filed on October 25, 2018*, and the State's response filed on January 25, 2019, pursuant to Florida Rule of Criminal Procedure 3.850. The court finds and orders as follows.
>
> . . .
>
> [Taylor] filed an initial Rule 3.850 motion that was dismissed as legally insufficient with leave to amend pursuant to *Spera v. State*, 971 So.2d 754 (Fla. 2007). *This amended motion timely follows*. The court exercises its discretion to deny further amendment. *Oquendo v. State*, 2 So.3d 1001 (Fla. 4th DCA 2008).

(*Id.* at 16) (emphasis added).

The website of the clerk of the court for Martin County, Florida shows that on or about October 19, 2018, Plaintiff sought an extension of time to file his amended

Rule 3.850 motion. *See* Martin County Florida Clerk of the Court and Comptroller, http://court.martinclerk.com/Home.aspx/Search (search Case Number for 2013001234CF) (last accessed Feb. 25, 2020).[2] The state court granted Plaintiff's motion for extension of time. *Id.* Plaintiff filed an amended Rule 3.850 motion, which was docketed on October 29, 2018. *Id.* Nearly one year later, on August 19, 2019, the circuit court denied Plaintiff's amended Rule 3.850 motion *on the merits*. (Doc. 26 at 16-19). The circuit court advised Plaintiff he had thirty days to file an appeal. *Id.* According to the website of Martin County, Plaintiff filed a notice of appeal on or about September 13, 2019. That appeal is still pending.

## II.   Standard

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the

---

[2] The court takes judicial notice of the online state court docket entries in Plaintiff's underlying criminal case, Martin County Circuit Court Case No. 2013-CF-1234. Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). A copy of the electronic docket is attached to this Report and Recommendation.

same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (reiterating that although Rule 8 of the Federal Rules of Civil

Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

## III. Discussion

Plaintiff raises two claims in this action: (1) denial of access to the courts; and (2) deprivation of his property without due process.

### A. <u>Denial of Access to the Courts Claim</u>

#### 1. *Failure to Allege the Underlying Claims*

Prisoners enjoy "a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1997); *Cruz v. Beto*, 405 U.S. 319, 321, 92 S. Ct. 1079, 1081 (1972); *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). An inmate plaintiff claiming denial of access to the courts must allege and "prove that he has a colorable underlying claim for which he seeks relief." *Barbour*, 471 F.3d at 1226. "[T]he plaintiff must identify within his complaint, a nonfrivolous, arguable underlying claim." *Id.* (citation omitted). As in every complaint, the factual allegations regarding injury "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. "The allegations about the underlying cause of action must be specific enough to give fair notice to defendants and must 'be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1271 (11th

Cir. 2010) (quoting *Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002)).

In *Christopher*, the Supreme Court discussed the requirements for alleging a claim of denial of access to the courts. 536 U.S. at 415, 122 S. Ct. at 2187. In that case, the plaintiff alleged that she was denied access to the courts because the federal government withheld information from her that she needed to discover and litigate a claim relating to her husband's torture and murder. *Id.* at 405, 122 S. Ct. at 2181. In her complaint, however, plaintiff failed to state with particularly what cause of action she could have brought had the federal government given her access to the information it allegedly concealed. *Id.*

The Supreme Court set forth the prerequisite for pleading a claim of denial of access to the courts. It held that "the underlying cause of action . . . is an element that *must be described in the complaint* . . . ." *Id.* at 415, 122 S. Ct. at 2187 (emphasis added). The Court also stated that the plaintiff must describe the claim for which he was denied access to the courts with sufficient detail to permit a district court "to apply the nonfrivolous test and to show that the 'arguable' nature of the underlying claim is more than mere hope." *Id.* at 416, 122 S. Ct. at 2187. To accomplish that, the complaint must "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued . . ." in the plaintiff's federal action. *Id.* at 417, 122 S. Ct. at 2188.

Here, in his second amended complaint, Plaintiff does not identify what underlying claims he would have brought in the Florida court had he been afforded access to his legal papers. That omission is fatal to his claim of denial of access to the courts. Additionally, he did not set forth sufficient facts indicating that his underlying claims were non-frivolous. Because the non-frivolity of his underlying claims is a necessary element of his denial of access to the courts claim, this omission also is fatal to his claim. For these reasons alone, Plaintiff's claim of denial of access to the courts should be dismissed.

### 2. *Failure to Allege Injury and Causation*

Plaintiff's claim of denial of access to the courts fails for a second, independent reason: he fails to make a plausible showing that he suffered an injury caused by the Defendants.

To allege a plausible violation of the right of access to the courts, a prisoner must allege that he suffered an actual injury that was caused by the government action about which he complains. *Barbour*, 471 F.3d at 1225; *see Cunningham*, 592 F.3d at 1271 (citing *Lewis v. Casey*, 518 U.S. 343, 349, 116 S. Ct. 2174, 2179 (1996)). This injury requirement "reflects the fact that the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id.* (internal quotation marks omitted).

To allege properly an actual injury and causation, a plaintiff must set forth facts indicating that his underlying claims were denied because of the defendant's actions. *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998); *see Barbour*, 471 F.3d at 1226; *see also Bass v. Singletary*, 143 F.3d 1442, 1445-46 (11th Cir. 1998). Injury occurs, for example, when an inmate is hindered to the point that he is unable to file an action or fails to discover and hence fulfill a technical requirement in the case. *See Lewis*, 518 U.S. at 351, 116 S. Ct. at 2180. The type of injury required for a denial of access to the courts claim is one which hindered the inmate's ability to bring a claim to court. *Lewis*, 518 U.S. at 354, 116 S. Ct. at 2181. If a plaintiff ultimately was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. *Wilson*, 163 F.3d at 1291.

Here, Taylor claims that Defendants' actions injured him insofar as his Rule 3.850 action was dismissed because he was unable to meet the circuit court's deadline to file an amended motion. (Doc. 26 at 7-8). Plaintiff's Exhibit B, however, contradicts this assertion. Exhibit B to Plaintiff's second amended complaint is the circuit court order denying Plaintiff's amended Rule 3.850 motion, which plainly indicates that Plaintiff successfully filed an amended Rule 3.850 motion with the circuit court. (Doc. 26 at 16). Exhibit B also definitively indicates that the circuit court did not deny Plaintiff's Rule 3.850 motion simply because he missed a deadline. (*Id.* at 16-19). Rather, the court's decision was based on the motion's lack

of merit, and the court specifically held that Plaintiff was not entitled to relief on any of the grounds he raised. (*Id.*).

Additionally, records from the circuit court confirm that Plaintiff moved for an extension of time to comply with the circuit court's order, the circuit court granted him an extension of time, and he successfully filed an amended Rule 3.850 motion. Martin County Florida Clerk of the Court and Comptroller, http://court.martinclerk.com/Home.aspx/Search (search Case Number for 2013001234CF) (last accessed Feb. 25, 2020); *see* (Doc. 26 at 16 (noting that "[t]his amended [3.850] motion timely follows"). Because Plaintiff was able to litigate the underlying action, he has failed to plausibly allege that he suffered an actual injury caused by any Defendant. Because Taylor has failed to allege an actual injury and causation—and the record indicates that Taylor suffered no injury caused by any Defendant—Taylor has failed to state a claim for a denial of access to the courts. *Lewis*, 518 U.S. at 349, 116 S. Ct. at 2179.

### B. Deprivation of Property Without Due Process Claim

Plaintiff claims that the Defendants violated his due process rights when they misplaced/lost his legal property. (Doc. 26 at 9). The Due Process Clause of the Fourteenth Amendment protects against deprivations of property "without due process of law." U.S. Const. amend. XIV, § 1. To state a claim for a violation of procedural due process, a prisoner must allege (1) he suffered a deprivation of a

constitutionally protected property interest; (2) as a result of state action; and (3) there was constitutionally-inadequate process. *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994); *see Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011)*; Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

When a state official was not acting pursuant to any established state procedure, but rather was engaging in a "random, unauthorized" act, the State is in no position to provide pre-deprivation process, and post-deprivation process is all that is due. *See Hudson v. Palmer*, 468 U.S. 513, 533, 104 S. Ct. 3194, 3204 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S. Ct. 1908, 1917 (1984). Florida law provides for an adequate post-deprivation remedy for the loss of inmate property by prison guards insofar as an inmate may file a tort action in state court to recover damages for the destruction or loss of property. *See* Fla. Stat § 768.28(1) (waiving sovereign immunity for tort actions brought against the State or its agencies for, among other things, "loss of property" caused by the "wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment"); *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) ("We have recognized that 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers.") (quoting *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991)).

The existence of section 768.28 of the Florida Statutes provides Taylor with a meaningful post-deprivation remedy to challenge the loss of property caused by any intentional or negligent conduct by a state actor. *Case*, 555 F.3d at 1331; *see Loor v. Bailey*, 708 F. App'x 992, 994-95 (11th Cir. 2017) (affirming the dismissal of the prisoner's due process claim because he "had a post-deprivation remedy to challenge the loss of property under Florida law"). Taylor, therefore, has failed to state a claim under the Fourteenth Amendment for the loss of his property. *See Smith v. Israel*, 619 F. App'x 839, 842 (11th Cir. 2015) (holding that plaintiff's due process claim based on confiscation of legal documents failed when plaintiff possessed "an adequate post-deprivation remedy"); *Jackson v. Hill*, 569 F. App'x. 697, 698 (11th Cir. 2014) (holding that the plaintiff failed to state a due process claim when state law provided an adequate post-deprivation remedy). Accordingly, this claim also should be dismissed.

## V.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** under 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.

2. The clerk of the court be directed to close this case file.

At Panama City Beach, Florida, this <u>2nd</u> day of March, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

      **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**. **The parties also are advised that if they dispute the accuracy of any facts taken from judicially-notice documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**